### WALLING v. MATSON.

Civ. A. No. 3577.

District Court, W. D. Pennsylvania.

Aug. 19, 1948.

Douglas B. Maggs, Solicitor, and Archibald Cox, Associate Solicitor, both of Washington, D. C., Ernest N. Votaw, Regional Atty., and Morris Hoffman, Associate Atty., U. S. Department of Labor, both of Philadelphia, Pa., for plaintiff.

Alex. S. Scribner, of Brookville, Pa., and Margiotti & Casey, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. That George Matson, the defendant, wilfully failed and neglected to obey the judgment of this court filed December 12, 1944, by which he was ordered to pay each of his employees since October 24, 1940, a sum of money equal to the difference between the amounts actually paid each such employee for his employment during said period and amounts such employee should have been paid for his employment at the minimum rate of pay as required by Section 6 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 206, said amounts being stipulated to amount to the sum of $7,659.44 at the time the stipulation was filed. Of this amount $1,500.00 was to be paid within ten days from the date of the judgment, and the balance to be paid in 20 installments in the amount of $300.00 and the 21st in the amount of $159.44, each at 30 days intervals thereafter.

2. The failure of defendant to comply with some of the later payments contemplated by the order for judgment was due in part, to the disappearance of some of the former employees from the locality, and in part from lack of care and effort.

3. One Hetrick, to whom by the stipulation the defendant owed $103.77, received $25.00 in February of 1947 in settlement of his claim; one Ramey, to whom was due $48.62, received $20.00 in settlement of his claim in February, 1947; one Matthews, to whom $43.68 was due, received $10.00 in settlement of his claim in June, 1947; one Scott, to whom $91.99 was due, in February, 1947, received a less amount in settlement of his claim; and one Heriger, to whom $17.72 was due, in 1947 received $10.00 in settlement of his claim. Each one of these persons signed a blank check or receipt, which was later returned to the Wage and Hour Division filled out so that it was made to appear that each employee had received the full amount of his claim.

4. The employees of the defendant willingly settled their claims against him, but there was no bona fide dispute between them and the defendant as to the amounts actually due.

## Conclusions of Law

I. The defendant, in failing to make payment to employees of the full amount ordered by the judgment of the court is guilty of contempt of said order.

II. No bona fide dispute existing as to the amount due to employees by defendant under the terms of the Fair Labor Standards Act and set forth in the order of the court, any agreement and settlement between the defendant and his employees for the payment of a less amount than actually due and set forth in the order of court is illegal and not enforceable, and defendant should be ordered to pay the full amount of the indebtedness stipulated.

## Discussion

After the stipulation was filed in the instant case defendant made a partial distribution to employees under the order of the court. How it was made does not appear in the testimony. A part of the amount ordered was not paid, due to temporary financial embarrassment of defendant, disappearance of former employees and lack of effort in part. Some employees who lived in the neighborhood and were known to defendant were not paid. At the present hearing they were brought into court by plaintiff and testified that at defendant's request they had made settlement with him for a less amount than had been agreed upon in the stipulation. No bona fide dispute existing as to the amounts due to those employees who have been un-

paid, the defendant will be ordered to pay that part of defendant's total debt to them which was unpaid. He will also be ordered to pay the witness bills and mileage of the persons brought into court by the Administrator to establish the failure of the defendant to observe the stipulation

■ Counsel for the Administrator has sought to charge the defendant with the expenses of an inspector of the Wage and Hour Division who "rounded up" the witnesses who appeared at the hearing, and also with the alleged value of the services of a stenographer in the department who is asserted to have expended considerable time in connection with the investigation. No special damages were claimed in the Administrator's petition charging defendant with contempt for failing to obey the order for judgment, and these claims of the Wage and Hour Division will not be allowed.

### Order for Judgment

And now, to wit, August 19, 1948, after due hearing the defendant, George Matson, is adjudged and decreed to be guilty of contempt of this court in that he wilfully failed and neglected to obey the order of this court dated December 12, 1944, now incorporated herein by reference.

And it is further ordered, adjudged and decreed that said George Matson forthwith pay to the following named persons the sums set opposite their names:

Kenneth Theodore Hetrick ....... $78.78
Earl E. Ramey ................... 28.62
John E. Matthews ............... 33.68
Clyde C. Heriger ................ 7.72
Robert Claire Scott ............. 91.99

And it is further ordered, adjudged and decreed that said George Matson pay the witness fees and legal mileage of the following named persons for attendance at the hearing upon the Administrator's petition that George Matson be adjudged in contempt: Kenneth Theodore Hetrick; Earl E. Ramey; John E. Matthews; Marion Homer Callen; Robert Claire Scott; Clyde C. Heriger; Norman W. Suiter and Stanton W. B. Wood.